IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE LTD. | § § § | |
| Plaintiff, | § § | |
| V. | § § | C.A. No. _____ |
| M/V BLUE OCEAN, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | § § § § § | IN ADMIRALTY, Rule 9(h) |
| Defendant. | § § | |

## **PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT**

Plaintiff, World Fuel Services (Singapore) Pte. Ltd. ("Plaintiff"), by its attorneys Chaffe McCall, L.L.P., as and for its Verified Original Complaint against the M/V BLUE OCEAN, *in rem*, alleges as follows upon information and belief:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of the Republic of Singapore, with its principal place of business located at 238A Thomson Road #17 – 03 Novena Square Tower A, Singapore 307684.

3. At all material times, Defendant M/V BLUE OCEAN (the "Vessel") was and is an ocean-going bulk carrier (IMO No. 9436769), owned by Blue Ocean Logistics Co. Ltd. On information and belief, Blue Ocean Logistics Co. Ltd. is a company organized and existing under the laws of South Korea.

2082248-1

## VENUE & JURISDICTION

4. The Court has in rem jurisdiction over the Vessel because the Vessel is now or will be during the pendency of this action within this District and Division.

5. The Court has subject matter over this action pursuant to 28 U.S.C. § 1333.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. Plaintiff is a supplier of fuel oil to ships and other vessels.

8. On or about April 22, 2013, at the request of representative(s) authorized to bind the Vessel, Plaintiff supplied the Vessel with 350 metric tons of 380CST/RMG380 MAX 3.5%S(05) and 150 metric tons of 380CST/RMG MAX 1.0%S(05) (the "Fuel"), as well as barging services associated with the delivery of the Fuel at the Port of Pohang, South Korea (the "Barging Services").  Copies of the relevant Bunker Confirmation, Bunker Delivery Receipts, and Invoice are attached hereto respectively as Exhibits "A", "B", "C", and "D", and are fully incorporated by reference.

9. Plaintiff issued its invoice dated May 2, 2013 in respect of the Fuel and Barging Services (the "Invoice").  A copy of the Invoice is attached hereto as Exhibit "D" and is fully incorporated by reference.

10. The purchase price for the Fuel and Barging Services was $332,500.00.  The Bunker Confirmations and Invoice specifically incorporate and are subject to The World Fuel Services Marine Group of Companies General Terms and Conditions (the "General Terms and Conditions"), which are attached hereto as Exhibit "E" and are fully incorporated by reference.

11. As of the date of filing this Complaint, no part of the outstanding amount due under the Invoice has been paid although duly demanded.

12. The non-payment for the Fuel and Barging Services constitutes a breach of the terms by which Plaintiff furnished the Fuel and Barging Services to the Vessel.

13. Plaintiff's Invoice provides that interest will accrue on all unpaid balances at the rate of two percent (2%) per month, and such interest began to accrue on May 23, 2013. *See* Exhibit "D"; *see also*, Exhibit "E", Paragraph 7(c). As of the date of this Complaint, the amount of interest currently due to Plaintiff totals $4,433.33. *See* Plaintiff's June 11, 2013 Statement of Account, attached hereto as Exhibit "F."

14. Further, pursuant to Paragraph 7(c) of the General Terms and Conditions, as the Invoice is more than fifteen (15) days past due, Plaintiff is entitled to an additional five percent (5%) administrative fee (the "Administrative Fee"). As of the date of this Complaint, the Administrative Fee currently due to Plaintiff totals $16,625.00. *See* Exhibit "F."

15. Plaintiff's General Terms and Conditions which govern all bunker supply contracts it enters, including the subject contract herein, provide that this dispute is governed by the Maritime Law of the United States, and disputes over payment and collection may be resolved in the courts of any jurisdiction where the Vessel may be found. *See* Exhibit "E", Paragraph 17.

16. By virtue of Plaintiff's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq.*, Plaintiff has a maritime lien against the Vessel for the full amount of its claim.

17. Under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

**WHEREFORE**, Plaintiff prays:

A. That Plaintiff have judgment hereon in the amount of $353,558.33, representing the total principal owed, the accrued interest to date, and the Administrative Fee to date, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees and costs; and

B. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V BLUE OCEAN, her engines, boilers, tackle, etc., placing the Vessel under the arrest, custody and control of the Marshal of this District;

C. That the Defendant M/V BLUE OCEAN, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorneys' fees and costs, and *custodia legis* costs due Plaintiff as alleged herein;

D. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

E. That Plaintiff may have such other, further and different relief as the Court deems just and proper.

                        Respectfully submitted,

                        /s/ Kevin P. Walters
                        Dimitri P. Georgantas
                        Attorney-in-Charge
                        Texas State Bar No. 07805100
                        Federal I.D. No. 2805
                        Kevin P. Walters
                        Texas State Bar No. 20818000
                        Federal I.D. No. 5649
                        Eugene W. Barr
                        Texas State Bar No. 24059425
                        Federal I.D. No. 1144784
                        801 Travis Street, Suite 1910
                        Houston, Texas 77002
                        (713) 546-9800 Telephone
                        (713) 546-9806 Facsimile

                        ATTORNEYS FOR PLAINTIFF,
                        WORLD FUEL SERVICES (SINGAPORE)
                        PTE. LTD.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE. LTD. | § § § § | |
| Plaintiff, | § § | C.A. No. _____ |
| V. | § § | IN ADMIRALTY, Rule 9(h) |
| M/V BLUE OCEAN, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | § § § § § | |
| Defendant. | § | |

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

## **VERIFICATION**

BEFORE ME, the undersigned authority, on this day personally appeared Kevin P. Walters, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff, World Fuel Services (Singapore) Pte. Ltd., in connection with the referenced matter. I have read the foregoing Verified Original Complaint and know the contents thereof and that the same are true and correct to the best of my knowledge, information and belief, based upon documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have an officer or director within this District."

_____
Kevin P. Walters

SUBSCRIBED AND SWORN to before me on June 11, 2013.



_____
Notary Public, State of Texas

2082129-1