# CHAFFE  McCALL

**L. L. P.**
LAW OFFICES
801 TRAVIS STREET, SUITE 1910
HOUSTON, TEXAS 77002
(713) 546-9800
FAX (713) 546-9806

KEVIN P. WALTERS
Partner

E-mail: walters@chaffe.com

June 24, 2013

Judge David Hittner  *Via Hand Delivery*
United States District Court
Southern District of Texas
515 Rusk Ave., Room 8509
Houston, Texas 77002

Re: C.A. No. 4:13-cv-01700; *World Fuel Services (Singapore) Pte. Ltd. v. M/V BLUD OCEAN, in rem*; In the United States District Court for the Southern District of Texas, Houston, Division
Our ref. 43451

Dear Judge Hittner:

On June 20, 2013, the defendant in the above-referenced case, STX Pan Ocean Co., Ltd. ("STX PO"), filed a petition under chapter 15 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The case number for the chapter 15 case is 13-12046. Prior to its chapter 15 filing, STX PO entered into an insolvency proceeding under the Korean Debtor Rehabilitation and Bankruptcy Law, and this proceeding is pending in the Seoul Central District Court. Pursuant to its chapter 15 filing, STX PO seeks a determination from the Bankruptcy Court that its Korean insolvency proceeding is foreign main proceeding under chapter 15.

In connection with its chapter 15 filing, STX PO filed a motion with the Bankruptcy Court requesting that a temporary stay be put in place to prevent creditors from taking certain actions. In accordance with STX PO's request, the Bankruptcy Court issued an Order to Show Cause Why Provisional Relief Should Not be Granted Pending Recognition of a Foreign Main Proceeding With Temporary Restraining Order. A copy of this order is attached hereto.

Respectfully,

CHAFFE McCALL, L.L.P.

Kevin P. Walters

KPW/slc
Enclosure

2088599-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**STX PAN OCEAN CO. LTD.,**<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 13-12046 (SCC) |

**ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD NOT BE GRANTED PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING WITH TEMPORARY RESTRAINING ORDER**

Upon the application (the "Application") of YOU SIK KIM and CHUN IL YU, as the court appointed administrators (the "Petitioners") of STX PAN OCEAN CO. LTD. (the "Company"), the foreign representatives in the Company's proceeding under the Korean Debtor Rehabilitation And Bankruptcy Act (as amended, the "DRBA") pending before the Seoul Central District Court, (5th Division) (case number 2013 *hoehap* 110 Rehabilitation) (the "Korean Bankruptcy Proceeding") Seoul, Republic of Korea, by their special United States counsel, Blank Rome LLP, pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), for *ex parte* and provisional relief, and scheduling a hearing (**the "Hearing"**), the Declarations of You Sik Kim and Chun Il Yu, and their U.S. counsel in support, dated June 20, 2013, and the declaration of Petitioners' Korean counsel dated June 19, 2013, together with exhibits (collectively the "Application"), and based on the foregoing, the Court finds and concludes that a showing has been made as follows:

(a)    The Petitioners have demonstrated a likelihood of success that Petitioners will be able to demonstrate that the Korean Bankruptcy Proceeding is a foreign main proceeding pursuant to section 1517 of chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et*

*seq.* (the "Bankruptcy Code"), that Petitioners are the duly appointed foreign representatives of the Company pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that the Company and Petitioners, in their capacity as foreign representatives of the Company, are entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code, and that;

(b)   The commencement or continuation of any action or proceeding in the United States against the Company or any of its assets (whether owned, leased, chartered or operated) or proceeds thereof within the territorial jurisdiction of the United States (as defined in 11.U.S.C. § 1502(8), "Assets"), as specifically identified in the Petitioners' Rule 1007(a)(4) list of pending U.S. actions ("**U.S. Actions**") should be temporarily and provisionally, to the extent provided herein, enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b) to permit the expeditious and economical administration of the Company's foreign estate in the Korean Bankruptcy Proceeding, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest that is not outweighed by the benefits;

(c)   Petitioners have established that unless a restraining order is issued, there is a material risk that the Company will suffer further cognizable injury as its Assets could be subject to attack by creditors in the U.S., in particular by attachment under Rule B or arrest under Rule C of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure, thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing harm to the Petitioners' efforts to administer the Company's estate pursuant to the Korean Bankruptcy Proceeding, and undermining the Petitioners' efforts to achieve an equitable result for the benefit of all of the Company's creditors, and, as a result, the Company will suffer

131346.00603/7253154v.1

immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel;

(d) The interest of the public will be served by this Court's granting of the relief requested by the Petitioners;

(e) Petitioners, as foreign representatives of the Company, are provisionally entitled to the protections and rights afforded pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, to the extent provided herein; and

(f) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW THEREFORE, IT IS HEREBY**

1. **ORDERED**, that all parties in interest come before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Southern District of New York, for a hearing ("Hearing") at 10:00 a.m. on June 27, 2013, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room 621, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted:

(a) Provisionally staying the U.S. Actions and provisionally enjoining any new actions in the United States against the Company or its Assets;

(b) Provisionally enjoining all persons and entities from (i) executing against the Company or any Asset, and (ii) continuing any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions") against the Petitioners (as foreign

representatives), the Company or its Assets not identified in the Lists and provisionally enjoining any new Actions against the Company or its Assets;

(c) Provisionally enjoining all persons and entities from commencing any Actions against the Company or against its Assets;

(d) Provisionally enjoining the commencement or continuation of any Actions to create, perfect or enforce any lien, setoff, attachment or other claim against the Company or against any of its Assets provided, however, that no action described in sections 555, 556, 557, 559, 560, 561, 562 and 11 U.S.C. §§ 1519 (d) and (f) of the Bankruptcy Code (the "Excepted Actions") shall be enjoined by such provisional relief;

(e) Ordering that, pending the hearing to consider the request for recognition and other related relief requested in the Petition (the "Recognition Hearing"), Petitioners are authorized to operate the business of the Company in the territorial jurisdiction of the United States;

(f) requiring that when informed of these proceedings every person and entity that is a plaintiff in any U.S. Action or other action in the United States in which the Company and/or its Assets is or was named as a party, or as a result of which liability against the Company and/or its Assets may be established, place the Petitioners' special United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list; and it is further

131346.00603/7253154v.1

2.   **ORDERED**, that pending the Hearing, all persons and entities are hereby temporarily enjoined from

> (a) executing against or further attaching or arresting any Assets;
>
> (b) commencing or continuing any litigation or any Action, including, without limitation, the U.S. Actions, or taking any other Actions against or involving Petitioners (in their capacity as foreign representatives of the Company), any Assets or any rights, obligations or liabilities of the Company;
>
> (c) Securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Company or Petitioners (with respect to the Company), or any Assets in the United States;
>
> (d) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Company, Petitioners (with respect to the Company), any of the Assets, provided, however, that none of the Expected Actions will be enjoined by such provisional relief;
>
> (e) continuing any Action or commencing any additional Action, including discovery, involving the Company, or its Assets; or

3.   **ORDERED**, that pursuant to Rule 7065(b) of the Federal Rules of Bankruptcy Procedure, no notice to any person is required prior to entry and issuance of this Order; and it is further;

4.   **ORDERED**, that any party in interest may make a motion seeking relief from or modification of this Order by filing a motion, on not less than two (2) business days notice to

131346.00603/7253154v.1

special United States counsel for the Petitioners, seeking an order of this Court vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Petitioners in this proceeding; and it is further

5. **ORDERED**, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

6. **ORDERED**, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon (a) any known party in interest; and (b) any other interested party that becomes known to the Petitioners at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioners; and it is further

7. **ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

8. **ORDERED**, that the Supporting Papers shall also be made available by the Petitioners upon request at the offices of Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174-0208 (Attention: Jeremy J. O. Harwood, Esq.), and it is further

9. **ORDERED**, that objections, if any, submitted for the purpose of opposing the Petitioners' request for a preliminary injunction on the terms described above must be made in writing describing the basis therefore and shall be filed with the Court electronically in accordance with General Order M-242 by registered users of the Court's Portable Document

131346.00603/7253154v.1

Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable Shelley C. Chapman, and served upon Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174-0208 (Attention: Jeremy J. O. Harwood, Esq.), special United States counsel for the Petitioners, so as to be received on or before June 26, 2013 at 10:00 a.m. Eastern Time; with any reply to be served and filed no later than June 26, 2013 at 5:30 p.m. Eastern Time, except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order.

Dated: June 20, 2013
New York, New York

/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

Issued at 5:30 p.m. Eastern Time

131346.00603/7253154v.1