IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE LTD. | § § § | |
| Plaintiff, | § § | |
| V. | § § | C.A. No. 4:13-cv-01700 IN ADMIRALTY, Rule 9(h) |
| M/V BLUE OCEAN, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | § § § § | Judge David Hittner |
| Defendant. | § § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| DUFERCO S.A. and DUFERCO STEEL, INC. | § § § | |
| Plaintiffs, | § § | |
| V. | § § § | C.A. No. 4:13-cv-02134 IN ADMIRALTY, Rule 9(h) Judge Sim Lake |
| M/V BLUE OCEAN, her engines, tackle, apparel, etc., *in rem* | § § § | |
| Defendant. | § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ORDER
DESIGNATING EXPENSES AS *CUSTODIA LEGIS*__**

COMES NOW Plaintiff World Fuel Services (Singapore) Pte. Ltd. ("WFS"),

through its attorneys of record, Chaffe McCall, L.L.P., and files this its Unopposed

Motion for Order Designating Expenses as *Custodia Legis* and would respectfully show as follows:

**Factual and Procedural Background**

1. On June 11, 2013, Plaintiff WFS filed its Verified Complaint (Doc. 1), *in rem*, against the vessel M/V BLUE OCEAN, alleging a breach of a maritime contract for the provision of fuel and barging services to the Vessel on or about April 22, 2013. In conjunction with the filing of this Complaint, WFS filed a Motion for Order to seize the Vessel (Doc. 2) which was signed by the Court on June 11, 2013 (Doc. 4). Thereafter, the clerk issued a Warrant to Seize the Vessel (Doc. 5).

2. However, in the interim, the Vessel had transited to the Port of Brownsville, where she was arrested by Duferco S.A. and Duferco Steel, Inc. (sometimes hereafter collectively "Duferco") on or about June 13, 2013 (Duferco S.A. and Duferco Steel Inc. v M/V BLUE OCEAN, originally C.A. No. 1:13-cv-111, now C.A. No. 4:13-cv-2134 after transfer from Brownsville Division on July 19, 2013).

3. Thereafter, Plaintiff WFS obtained an Amended Order to Seize the Vessel (Doc. 6) on June 13, 2013, and the U.S. Marshal served the Warrant of Arrest on the M/V BLUE OCEAN on or about June 14, 2013 (Doc. 7 – Return of Service of Warrant).

4. Upon information and belief, the charterer of the M/V BLUE OCEAN was STX Pan Ocean, who filed a Chapter 15 Petition for Recognition of Foreign

Proceeding in the U.S. Bankruptcy Court for the Southern District of New York on or about June 20, 2013. (SDNY BK #13-12046-scc, In re STX Pan Ocean Co., Ltd.)

5. On or about July 15, 2013, Duferco filed a Motion to Intervene (Doc. 11) in the instant action, which Motion was granted on the same day (Doc. 12). Duferco's Complaint-in-Intervention was filed July 15, 2013 (Doc. 13).

6. Contemporaneously, Duferco filed a motion to modify the arrest order to permit the Vessel to transit from Brownsville to Houston to discharge the Duferco cargo. The Court granted the Order Modifying the Arrest Order on July 15, 2013 (Doc. 16).

7. On July 18, 2013, Intervenor Duferco filed a motion to shift vessel on completion of cargo operations (Doc. 17). On that same day, the Court granted the Motion to Shift the Vessel from the discharge berth to the anchorage on the completion of discharge (Doc. 19).

8. Upon information and belief, the BLUE OCEAN has completed discharge of the Duferco cargo and, pursuant to the terms of the order (Doc. 19) has shifted to the anchorage off Galveston where she has remained for at least the last two weeks. The M/V BLUE OCEAN remains under arrest at the Galveston anchorage.

9. On August 7, 2013, Plaintiff WFS filed its Unopposed Motion to Consolidate (Doc. 21) By Order dated August 9, 2013, (Doc. 24), this Court granted

the Motion to Consolidate Lead Case No. 4:13-cv-1700 and Member Case No. 4:13-cv-2134.

10. To date, the initial arresting parties, Duferco S.A. and Duferco Steel, Inc., (collectively "Duferco") have paid $134,000.00 to the US Marshal for *custodia legis* expenses. The US Marshal has now invoiced an additional $19,019.74 (see attached Exhibit A dated August 6, 2013, which is fully incorporated by reference). Plaintiff WFS has provided the U.S. Marshal with a check for the outstanding $19,019.74 in *custodia legis* expenses. (See attached Exhibit B, which is fully incorporated by reference). However, the U.S. Marshal refuses to accept any payment of these *custodia legis* expenses from any party other than the original arresting party Duferco.

11. Upon information and belief, the U.S. Marshal will accept the check for $19,019.74 tendered by WFS and apply it toward the outstanding *custodia legis* expenses if the Court enters the requested Order deeming payments by WFS as *custodia legis.*

12. The costs and expenses incurred or to be incurred while the M/V BLUE OCEAN was and is in judicial custody are entitled to priority over all other maritime liens as *custodia legis* because they were or will be disbursed for the common benefit of all creditors.

13. Moreover, under the terms of this Court's Order Allowing Vessel to Move to Houston (DOC 16), "[c]ustodial, security and other expenses of the Marshal and others attendant to the arrest of the vessel will be taxed as *custodia legis* costs."

14. As such, Plaintiff WFS respectfully requests that the Court issue an Order (a) designating all amounts WFS and/or Duferco S.A/Duferco Steel, Inc. have or will expend attendant to the arrest of the M/V BLUE OCEAN as *custodia legis* expenses, which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN; (b) designating all amounts WFS and/or Duferco S.A/Duferco Steel, Inc. have or will pay directly to the US Marshal for custodial, security and other expenses of the Marshal and others attendant to the arrest of the vessel as *custodia legis* expenses which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN; and (c) designating all amounts WFS has or will pay directly to the initial arresting party Duferco S.A/Duferco Steel, Inc. (as per the US Marshal's requirement and internal procedure ) for custodial, security and other expenses of the Marshal and others attendant to the arrest of the vessel as *custodia legis* expenses, which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN.

WHEREFORE, Plaintiff World Fuel Services (Singapore) Pte. Ltd. prays that the Court issue an Order (a) designating all amounts WFS and/or Duferco S.A/Duferco Steel, Inc. have or will expend attendant to the arrest of the M/V BLUE OCEAN as

*custodia legis* expenses, which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN; (b) designating all amounts WFS and/or Duferco S.A/Duferco Steel, Inc. have or will pay directly to the U.S. Marshal for custodial, security and other expenses of the Marshal and others attendant to the arrest of the vessel as *custodia legis* expenses which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN; and (c) designating all amounts WFS has or will pay directly to the initial arresting party Duferco (as per the US Marshal's requirement and internal procedure ) for custodial, security and other expenses of the Marshal and others attendant to the arrest of the vessel as *custodia legis* expenses, which are entitled to priority over all other maritime liens against the M/V BLUE OCEAN, and award such other further and different relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Kevin P. Walters
        Dimitri P. Georgantas
        Attorney-in-Charge
        Texas State Bar No. 07805100
        Federal I.D. No. 2805
        Kevin P. Walters
        Texas State Bar No. 20818000
        Federal I.D. No. 5649
        Eugene W. Barr
        Texas State Bar No. 24059425
        Federal I.D. No. 1144784
        801 Travis Street, Suite 1910
        Houston, Texas 77002
        (713) 546-9800 Telephone
        (713) 546-9806 Facsimile

        ATTORNEYS FOR PLAINTIFF,
        WORLD FUEL SERVICES (SINGAPORE)
        PTE. LTD.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## CERTIFICATE OF CONFERENCE

    I hereby certify that on the 16th day of August, I conferred with counsel for Duferco S.A. and Duferco Steel, Inc. and they are unopposed to the filing of this Motion.

        /s/ Kevin P. Walters

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August 2013, I served a true and correct copy of the foregoing Unopposed Motion for Order Designating Expenses as *Custodia Legis* pursuant to Rule 5 of the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to all known counsel of record:

F. William Mahley
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010-1036
bill.mahley@strasburger.com

John F. Fay, Jr.
FAY, NELSON & FAY, LLC
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
jfay@faynelsonfay.com


/s/ Kevin P. Walters